IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY D. BEARDEN and
SONNY SAVOY,

        Plaintiffs,                No. CIV S-07-1332 LKK GGH P

    vs.

M.C.S.P. CHIEF MEDICAL OFFICER,
et al.,

        Defendants.             ORDER

_____/

        Plaintiffs are two state prisoners proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff Bearden has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This case was transferred from the Fresno Division. See Order, filed on July 6, 2007.

        Plaintiff Bearden has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $2.00 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to

1

collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Plaintiffs state on the face of the complaint that they are intending to bring a class action. In the first place plaintiffs have made no motion pursuant to Fed. R. Civ. P. 23, seeking to have the court certify the instant matter as a class action. Moreover, plaintiffs are non-lawyers proceeding without counsel. It is well established that a layperson cannot ordinarily represent the interests of a class. See McShane v. United States, 366 F.2d 286 (9th Cir. 1966). This rule becomes almost absolute when, as here, either putative class representative is incarcerated and proceeding pro se. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). In direct terms, plaintiff cannot "fairly and adequately protect the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure. See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976). Each plaintiff's privilege to appear in propria persona is a "privilege ... personal to him. He has no authority to appear as an attorney for others than himself." McShane v. U. S., 366 F.2d 286, 288 (9th Cir.1966), citing Russell v.United States, 308 F.2d 78, 79 (9th Cir. 1962); Collins v. O'Brien, 93 U.S.App.D.C. 152, 208 F.2d 44, 45 (1953), cert. denied, 347 U.S. 944, 74 S.Ct. 640 (1954). Therefore, it is likely that each plaintiff can bring this action only on his own behalf. This action, therefore, will not presently be construed as a class action and, instead, will proceed as an individual civil suit brought by plaintiffs.

Moreover, this court has determined that each plaintiff should proceed separately on his own claim. The Federal Rules of Civil Procedure provide "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded

with separately." Fed. R. Civ. P. 21.  Courts have broad discretion regarding severance.  See Davis v. Mason County, 927 F.2d 1473, 1479 (9th Cir. 1991).

In the instant action, plaintiffs are individuals in the custody of the California Department of Corrections and Rehabilitation, presently confined at Mule Creek State Prison.  In this court's experience, an action brought by multiple inmate plaintiffs proceeding pro se presents procedural problems that cause delay and confusion.  Delay often arises from the frequent transfer of inmates to other facilities or institutions, the changes in address that occur when inmates are released to parole, and the difficulties faced by inmates who attempt to communicate with each other and with unincarcerated individuals.

Accordingly, the court will order that plaintiffs' claims be severed.  Plaintiff Bearden will proceed in this action, while plaintiff Savoy will proceed in a civil action to be opened by the Clerk of the Court.  Each plaintiff will proceed with his own action and will be solely responsible for his own action, although each will be deemed to be proceeding in forma pauperis.

The Clerk of the Court will be directed to assign the new action to the same district judge and magistrate judge assigned to the instant action.  The Clerk of the Court shall make appropriate adjustment in the assignment of civil cases to compensate for this reassignment.

Since the claims will be severed, each plaintiff will be given thirty days to file, in his own action, an amended complaint, using the forms provided by the court with this order.  Plaintiffs' July 20, 2007, motion for preliminary injunction will be vacated without prejudice; each plaintiff may file such a motion, once he has filed an amended complaint.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiffs' request to proceed in forma pauperis is granted and plaintiff Bearden is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed

1  an initial partial filing fee of $2.00. All fees shall be collected and paid in accordance with this
2  court's order to the Director of the California Department of Corrections and Rehabilitation filed
3  concurrently herewith.
4      2. The claims of plaintiff Sonny Savoy are severed from the claims of plaintiff
5  Gary D. Bearden;
6      3. Plaintiff Bearden shall proceed as the sole plaintiff in case No. CIV S 07-1332
7  LKK GGH P;
8      4. The Clerk of the Court is directed to:
9          a. Open a separate civil action for plaintiff Sonny Savoy;
10         b. Assign the new action to the district judge and magistrate judge to
11 whom the instant case is assigned and make appropriate adjustment in the
12 assignment of civil cases to compensate for such assignment;
13         c. File and docket a copy of this order in the file opened for plaintiff
14 Sonny Savoy;
15         d. Place a copy of the complaint filed in the file opened for plaintiff
16 Savoy;
17         e. Strike from the caption of each plaintiff's complaint the name of the
18 other plaintiff;
19         f. Send each plaintiff an endorsed copy of his complaint bearing the
20 amended caption and the case number assigned to his own individual action;
21     5. Each plaintiff's complaint is dismissed;
22     6. The Clerk of the Court is directed to send each plaintiff a new form for filing a
23 civil rights action under 42 U.S.C. § 1983; and
24     7. Each plaintiff is granted thirty days from the date of service of this order to file
25 an amended complaint, using the forms provided by the court with this order. Each plaintiff's
26         4

1  documents must bear the docket number assigned to his own individual case, and each complaint
2  must be labeled "Amended Complaint." Each plaintiff must file an original and two copies of
3  his amended complaint. Failure to file an amended complaint will result in a recommendation
4  that the plaintiff's action be dismissed.

5        8. Plaintiffs' motion for preliminary injunction, filed on July 20, 2007, is vacated
6  without prejudice to the filing of such a motion by each plaintiff upon the filing of an amended
7  complaint by each.

8  DATED: 9/21/07        /s/ Gregory G. Hollows
9         UNITED STATES MAGISTRATE JUDGE

GGH:009
bear1332.2.2

5